IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-15-0043-C |
| REX A. HODGES; LISA A. HODGES; BANK OF AMERICA MORTGAGE; MIDLAND FUNDING, LCC; OKLAHOMA TAX COMMISSION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. No. 36). The Motion has been fully briefed by both sides and is at issue. On May 5, 2001, the Oklahoma Department of Health ("OSDOH") appointed Defendant Rex Hodges as temporary manager of four nursing homes located in Oklahoma ("BSCR" or the "nursing homes"). After deciding to invest in his own nursing home, Hodges reached out to his friend John Stout (non-party) about leasing and operating Sand Springs Care Center. On October 26, 2001, Hodges and Stout formed Sand Springs Care Center LLC to operate the nursing home. Hodges was named manager of the Sand Springs Care Center. Among other things, Hodges was responsible for depositing BSCR's and Sand Springs Care Center's withheld payroll taxes with the IRS. Hodges failed to pay BSCR's and Sand Springs Care Center's withheld employment taxes to the IRS, but continued to pay the operating expenses of all facilities and his own salary. The Secretary of the Treasury assessed trust-fund recovery penalties for

BSCR and Sand Springs Care Center against Hodges, based on the reported amounts of unpaid federal employment taxes. Hodges stipulates to the amount of the assessed penalties. In addition to the trust-fund recovery penalties, a delegate of the Secretary of the Treasury made federal income tax assessments against Hodges for the 2011 tax year, which Hodges does not dispute. The United States seeks to reduce to judgment the federal income tax assessments made against Hodges and reduce to judgment the assessments made against Hodges for trust-fund recovery penalties.

In 1998, Hodges and his wife, Defendant Lisa Hodges, acquired the piece of property at issue (the "Property"). On April 30, 2004, Hodges transferred his interest in the Property to his wife. Federal tax liens attached to all property and rights to property belonging to Hodges on the respective dates of the tax assessments. The United States argues that their interest in the Property is superior to half of Lisa Hodges' interest in the Property and that the interest transferred to Lisa Hodges is subject to federal tax liens. The United States requests this Court declare that Lisa Hodges holds title to the Property at issue as the nominee of Rex Hodges and declare that Lisa Hodges took title to the Property subject to the federal tax liens, or, alternatively, declare that Rex Hodges fraudulently transferred the Property to Lisa Hodges and the transfer be set aside. Further, the United States seeks enforcement of the federal tax liens against the Property and an order authorizing the sale of the Property and the proceeds from the sale be distributed in amounts and priority determined by the Court.

## **STANDARD OF REVIEW**

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **ANALYSIS**

Concerning Count I (Reduce Assessments to Judgment – Income Tax) and Count II (Reduce Assessments to Judgment – Section 6672 Penalty) brought by the United States, Hodges fails to present any evidence on which a reasonable jury could return a verdict in his favor. Even more, Hodges does not dispute any material facts and has not cited to any evidence in opposition to the United States' position. Hodges also stipulates to the amount of the assessed penalties under Count II and does not dispute liability under Count I. Lastly, Hodges' only argument attempts to shift the blame of unpaid taxes to others, but does so without any evidentiary support. Because there is no genuine issue of material fact present, the United States' Motion for Summary Judgment is granted as to Counts I and II, as a matter of law.

The United States also moves for summary judgment to enforce the tax liens on the Property at issue, Count III (Enforce Federal Tax Liens Against the Oklahoma City Property), but only those liens that arose by virtue of the assessments made *prior* to Rex Hodges' transferring the Property to his wife, Lisa Hodges. The United States concedes that there is a genuine dispute of material fact as to the tax liens attached *after* the transfer, and in turn, does not include those liens in its Motion. Therefore, when weighing the merits of the case, the Court will only look to the liens attached prior to transfer. Hodges presents no evidence in opposition to the United States' claims on the Property prior to the transfer. In fact, Hodges does not dispute the liens on the Property prior to the transfer. Since there is no dispute of a material fact as to the liens on the Property prior to the transfer, the United

States may enforce those liens as a matter of law. The Court will not adjudicate the liens placed on the Property after the transfer as there is a clear issue of disputed fact.

Lisa Hodges filed a Motion to Dismiss (Dkt. No. 37) requesting the Court dismiss the United States' claims against Lisa Hodges' ownership of her residence under Fed. R. Civ. P. 12(b)(6). The Court will not consider the merits of this Motion because it is procedurally deficient. First, the Motion is untimely, as it was filed after her Answer. Fed. R. Civ. P. 12(b)(6). Second, the Motion is improper. "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). While assessing the sufficiency of the allegations in a complaint, courts look to nothing more than the pleadings. Id. In Lisa Hodges' Motion, however, she incorrectly includes evidence outside the pleadings and looks for the Court to assess the sufficiency of the evidence. Even if the Court were to overlook these mistakes and consider the Motion, Lisa Hodges does not dispute that the United States is entitled to the value of its liens before the transfer. For these reasons, her Motion to Dismiss is denied.

The United States and Defendant Oklahoma Tax Commission have stipulated to the relative priorities of the assessments as they pertain to the Property at issue (Dkt. No. 57).[*]

---

[*] The United States anticipates that Defendant Bank of America will also stipulate to their relative priority to proceeds from the sale.

Plaintiff seeks entry of default judgment against Defendant Midland Funding, LLC (Dkt. No. 59), following the Clerk's Entry of Default on July 14, 2015 (Dkt. No. 27). Although the Court's file reflects that Plaintiff has properly served Defendant Midland Funding, LLC, and the time to answer the summons has long since passed, Defendant Midland Funding, LLC, has failed to answer or otherwise respond to this matter. Accordingly, Plaintiff is entitled to Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Defendant Midland Funding, LLC. The Court finds that Midland Funding, LLC, has no rights, claims, or interest in the real property identified in the Amended Complaint (Dkt. No. 4) that is superior to the federal tax liens.

## **CONCLUSION**

The undisputed material facts show that Rex Hodges is liable to the United States for unpaid federal income taxes and trust-fund recovery penalties. The undisputed material facts also show that some of the federal tax liens did attach to Rex Hodges' interest in the Property prior to transferring the Property to Lisa Hodges. Lisa Hodges obtained the interest in the Property from Rex Hodges subject to those federal tax liens. The Court enters judgment as set forth below:

1. Judgment on Count 1 of the Complaint in favor of the United States and against Hodges in the amount of $2,549.28, plus interest as provided by law;

2. Judgment on Count II of the Complaint in favor of the United States and against Hodges in the amount of $1,905,040.84, plus interest as provided by law;

3. Judgment on Count III of the Complaint in favor of the United States as set forth below, applicable only to the federal tax liens attached prior to the transfer of Rex Hodges' interest to Lisa Hodges. This does not include or adjudicate any liens on the Property post-transfer.

   a. The United States has valid and subsisting federal tax liens that attached to Rex Hodges' interest in the property and rights to the property, including his interest in the Property that he transferred to Lisa Hodges;

   b. The federal tax liens described above in paragraph 3(a) attach to half of Lisa Hodges' interest in the Property and are enforced against Hodges' interest in the Property, and the Property shall be sold;

   c. The United States shall submit a proposed order of sale within fourteen (14) days of the judgment.

Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment (Dkt. No. 36). Plaintiff's Motion for Default Judgment against Midland Funding, LLC (Dkt. No. 59) is GRANTED. Defendant Lisa Hodges' Motion to Dismiss (Dkt. No. 37) is DENIED. Plaintiff's Motion to Strike Jury Demand on Count III of Its First Amended Complaint (Dkt. No. 58) is MOOT. Defendants' Motion to Stay Proceedings (Dkt. No. 66) is DENIED. The trial set June 14, 2016, is STRICKEN. Defendants' First Motion in Limine (Dkt. No. 63) and the United States' Motion in Limine (Dkt. No. 65) are STRICKEN, to be re-filed if necessary. If the United States wishes to proceed on the remaining claim, it shall inform the Court on or before July 29, 2016, and the case will be reset for trial.

IT IS SO ORDERED this 1st day of June, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge